[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff, Commission on Victim Services (COVS), from a decision of the defendant, Freedom of Information Commission (FOIC), on the complaint of the defendant, Roger J. Harris, D.D.S. (Harris). Harris by letter dated October 14, 1988 requested of COVS copies and the right to examine any information relevant to the COVS' decision denying benefits to Salahudin Akbar who had made application pursuant to General Statute 54-201 et seq. COVS denied the request and Harris appealed to the FOIC. The FOIC, after a contested hearing, held that the complainant who had treated Akbar and assisted him in his application for benefits, would be entitled to such information if Akbar had no objection, in order to continue to assist him in pursuing benefits pursuant to General Statute 54-201 et seq.
The brief background of this case reveals the stonewalling of Harris by COVS. Akbar, a patient of Harris was treated by him for injuries alleged to have been received on October 18, 1987 and reported to the police on October 20, 1987. Harris assisted Akbar with his application to obtain an award from COVS towards Harris' fees for his services performed on October 19, 1987. After a period of time claimed for investigation, COVS denied the award on May of 1988 on the grounds that he failed to cooperate with law enforcement agencies in their efforts to apprehend and prosecute the offenders. After several telephone calls to obtain information as to the reason for the denial, Harris made specific written requests dated October 14, 1988 for documents including examples of the lack of cooperation with enforcement agencies. On October 15, 1988, COVS sent Harris a copy of the application and the police report which he had assisted Akbar in filing along with the letter to Akbar denying his award. Harris then complained to the FOIC which set down a hearing on December 15, 1988 from which the decision appealed was made. Harris received copies of many documents from the CT Page 1768 file including the arrest record of Akbar but was told by the director of COVS that there is nothing in the file, no written documentation as to specifically why Akbar's claim was denied. Despite the specific request of Harris, the FOIC keyed on the investigator's information as to the personal activities of Akbar at the time of the investigation as being the basis of the denial and ordered its disclosure.
The general rule, under FOIA, is disclosure, General Statute 1-19. Exceptions to that rule are to be narrowly construed and the burden of proving the applicability of an exemption rests upon the agency claiming it. Wilson v. Freedom of Information Commission, 181 Conn. 324, 329.
The plaintiff herein claims the exemption provided by General Statute 1-19(b)(2) for "personnel or medical files and similar files the disclosure of which would constitute an invasion of personal privacy." The plaintiff must meet a two-fold burden of proof to establish the applicability of General Statute 1-19 (b)(2) exclusion. First, they must establish that the files in question are within the categories of files protected by the exemption, that is, personnel, medical or similar files. Second, they must show that disclosure of the records "would constitute an invasion of personal privacy." Hartford v. Freedom of Information Commission, 201 Conn. 421,434.
Although the act does not specifically define "invasion of personal privacy" the propriety of disclosing information in a personnel or similar file is governed by balancing the need for disclosure against the public policy in favor of the confidentiality of private and personal information. Board of Education v. Freedom of Information Commission, 210 Conn. 590,596.
COVS has clearly presented to the FOIC that there is nothing in the file to document specifically why Akbar's claim was denied except the grounds stated and that only Akbar may appeal from that decision. Akbar's present whereabouts are unknown and Harris does not represent him. Harris seemingly would have a right to be heard pursuant to General Statute54-205, to be paid in accordance with General Statute 54-208 and General Statute 54-210 and have a right to execute or attach an award pursuant to General Statute 54-213 but no right to appeal the decision, General Statute 54-211a.
The FOIC admits the documents falls within General Statute1-19(b)(2). In failing to examine and analyze properly the competing interests to determine whether the document in question would reveal a factor in the COVS' decision which CT Page 1769 apparently it was not as against the invasion of personal privacy even though that appeared to be quite limited here, the FOIC has attempted to have the general rule of disclosure consume its legislatively enacted exceptions. Id. 596.
For the above reasons, the appeal is sustained.
CORRIGAN, J.